**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-94-00031-01-PCT-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Ronald Lee Tsosie, | |
| Defendant. | |

Defendant Ronald Tsosie is an inmate with the Federal Bureau of Prisons ("BOP"). He has filed a one-page motion for compassionate release. Doc. 170. The government has filed a response. Doc. 170. For reasons stated below, the Court will deny the motion.

**I.    Background.**

In 1995, Defendant received a 235-month prison sentence followed by 60 months of supervised release after a jury convicted him of assault with a dangerous weapon and aggravated sexual abuse. Docs. 9, 74, 92. In early 2015, while on supervised released after serving his term of imprisonment, Defendant was sentenced to an additional 6 months in prison and 54 months of supervised release for failing to attend substance abuse treatment. Docs. 126, 137.

On July 2, 2015, the day Defendant was released from prison, he was arrested for allegedly sexually assaulting a fellow passenger on a Greyhound bus. Doc. 158 at 5. He

pled guilty in state court to attempted sexual assault and received a 4-year prison sentence. *Id.*; *see Arizona v. Tsosie*, CR2015-00950 (Navajo Cty. Super. Ct. 2015).

On March 8, 2019, the Court revoked Defendant's supervised release based on the state conviction for attempted sexual assault and imposed a 27-month prison sentence. Doc. 160. Defendant presently is confined at the federal correctional institution in Herlong, California ("FCI-Herlong"). *See* Federal BOP, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited June 16, 2020). His projected release date is December 5, 2020. *See id.*

Defendant seeks compassionate release to care for his elderly and diabetic mother. Doc. 170 at 1. He states that he could find employment to support his mother and contribute to his outstanding restitution debt. *Id.*[1] The government argues that the motion must be denied because Defendant has not exhausted his administrative remedies with the BOP. Doc. 171 at 9. The Court agrees.

**II. Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners. *See id.*; *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The First Step Act materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with

---

[1] Defendant does claim to be at risk of contracting COVID-19 while confined at FCI-Herlong. As of June 16, 2020, no inmate at FCI-Herlong has tested positive for the coronavirus. *See* Federal BOP, COVID-19, Coronavirus, https://www.bop.gov/coronavirus/index.jsp.

§ 3582(c)(1)(A) (2002)).  A prisoner may bring a motion for compassionate release only after (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier.  § 3582(c)(1)(A); *see United States v. Millage*, No. 3:13-CR-234-SI, 2020 WL 2857165, at *1 (D. Or. June 2, 2020).

### III.   Defendant's Motion.

Defendant does not claim to have filed a request for compassionate release with the warden of FCI-Herlong.  The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request for compassionate release is mandatory and cannot be waived by the Court.  *See United States v. Brown*, No. 3:18-CR-228-DPJ-FKB, 2020 WL 3213415, at *2 (S.D. Miss. June 15, 2020)  ("The Court's analysis of the statutory exhaustion requirement 'begins with the text.'  As noted, § 3582(c)(1) states that 'the court may not' modify Brown's sentence until he exhausts his remedies.  Nothing in § 3582(c) grants authority to waive this requirement.") (internal citation omitted); *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies.  There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (defendant's motion was futile because he "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement," which "presents a glaring roadblock foreclosing compassionate release at this point").[2]  Thus, while the Court understands Defendant's concerns about his mother's declining health and

---

[2] The Sixth Circuit recently held that the administrative exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional and instead is a mandatory claim-processing rule that binds courts when properly asserted by the government and not forfeited.  *United States v. Alam*, --- F.3d ---, 2020 WL 2845694, at *2-3 (6th Cir. June 2, 2020); *see also United States v. Adkins*, No. 19-CR-00651-BAS-1, 2020 WL 3058097, at *1 (S.D. Cal. June 9, 2020) ("Although this Court finds that such exhaustion is mandatory, the Government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion.").  The Ninth Circuit has not yet addressed this issue.

3

his desire to care for her during the current pandemic (Doc. 170 at 1), the Court lacks authority to grant his motion. *See Weidenhamer*, 2020 WL 1929200, at *2; *United States v. Arciero*, No. CR 13-001036 SOM, 2020 WL 3037073, at *4 (D. Haw. June 5, 2020) ("Because Arciero has failed to exhaust her prison administrative remedies, this court lacks the authority to grant the relief she requests"); *United States v. Gray*, No. 18CR2118-JLS, 2020 WL 2991514, at *2 (S.D. Cal. June 4, 2020) ("The record establishes that neither Defendant nor his counsel have submitted a request for Section 3582(c) relief to the warden of the facility. Because the statutory language clearly requires as much before the Court may act, the Court may not excuse any failure to exhaust administrative remedies and lacks authority to consider Defendant's motion until the exhaustion requirement has been met.").[3]

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 170) is **denied**.

Dated this 17th day of June, 2020.

David G. Campbell
Senior United States District Judge

---

[3] Given this ruling, the Court need not address whether Defendant has shown the requisite extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i) or whether such release is consistent with the factors set forth in 18 U.S.C. § 3553(a).